Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | P. Michael Mahoney | Sitting Judge if Other than Assigned Judge | Philip G. Reinhard |
|---|---|---|---|
| CASE NUMBER | 98 C 50186 | DATE | 2/27/2002 |
| CASE TITLE | DeKALB vs. PIONEER | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] In accordance with the attached order, DeKalb's renewed motion to compel is granted in part. Pioneer is to produce the requested discovery by March 20, 2002. Further, Pioneer is to produce the requested product clearance forms and a letter brief describing the documents and the applicability of the claimed privileges to this court for an in camera inspection by March 13, 2002. Enter attached Memorandum Opinion and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | FEB 28 2002 date docketed | 298 |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | 02 FEB 27 PM 4:22 | 2/27/2002 date mailed notice | |
| tml | courtroom deputy's initials | FILED-MO | gg7 | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| DeKALB GENETICS CORP., | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 98 C 50186 |
| | ) | |
| v. | ) | Philip G. Reinhard |
| | ) | P. Michael Mahoney |
| PIONEER HI-BRED INTERNATIONAL, | ) | |
| | ) | |
| Defendant. | ) | |

## Memorandum Opinion and Order

This court addresses Plaintiff's renewed motion to compel, originally filed November 29, 2001. At the discovery conference held November 30, 2001, this court ordered the parties to conduct a Local Rule 37.2 conference in regard to the issues raised in Plaintiff's motion. Additionally, this court ordered the parties to submit letter briefs as to any remaining issues, as well as a transcript of the meeting. It was unclear from the submissions of the parties what issues remained unresolved and the parties were again directed to submit letter briefs to this court regarding the remaining disputes. Having reviewed the parties various submission over the last several months, as well as the transcript of their LR 37.2 conference, this court is now compelled to enter the fray and end the parties' remaining disputes.

Target tissue

DeKalb seeks documents in which Pioneer's scientists have "characterized" the target tissue used in their research and development activities. How Pioneer's own scientists (those who worked on the allegedly infringing pipeline products) characterized the nature of the target tissue may be relevant to DeKalb's claims that Pioneer's pipeline products infringe. Pioneer asserts that the non-binding characterizations of its scientists are not relevant to the issue of whether DeKalb's claims

are supported by objective scientific data as interpreted by experts according to the court's guidelines in conjunction with the claim construction. Whether the scientists' notations are binding as an admission on the corporation is not a factor in determining their relevance pursuant to Rule 26. This court finds that the statements of the scientists identifying the target tissue is relevant to DeKalb's claims that Pioneer's research and development activities, including the bombardment of target tissue, infringes. The District Court will determine if the statements are admissible. DeKalb's request as to production of documents wherein Pioneer scientists have "characterized" the target tissue is granted.

Product clearance forms

Pioneer asserts that it need not produce the product clearance forms as they are covered by the attorney-client privilege and the work product privilege. The assertion of these privileges with respect to these documents has only recently been brought up by Pioneer. Despite its assertion that the privilege was raised during the December 7, 2001, LR 37.2 conference, this court's review of the transcript of that conference indicates that that was not the case. During the most recent in court discovery conference, held on February 14, 2002, the assertion of the privilege and the requirements thereto were discussed, and Pioneer responded on February 20, 2002, by submitting additional materials to this court in support of its privilege claims. Pioneer's submission asserts that the product clearance forms were compiled and revised by individuals within Pioneer's legal department at the behest of Pioneer's in-house attorneys. Pioneer also states that a privilege log as to those documents has been provided to DeKalb and that in its January 2, 2002, objections and responses to DeKalb's 5th Set of Document Requests, Pioneer did object to the production of the documents as privileged. It appears from this court's review of the parties' submissions that Pioneer may not

have properly invoked the privilege. The Federal Rules of Civil Procedure require that objections to discovery requests be explicitly stated, particularly with respect to objections based upon the assertion of the attorney-client or work product privileges. Fed. R. Civ. P. 26(b)(5) and 34(b). The objecting party must explicitly state the objection and describe the documents sufficiently so that the requesting party is able to determine the applicability of the privilege. In this case, Pioneer failed to do either. Pioneer's responses to DeKalb's requests state "Only to the extent that such documents exist, are not privileged, were not previously produced, and disclose relevant information agreed upon to be produced during the December 7th Meet and Confer, will further documents be produced for those specific events." (Pioneer's Objections and Responses at 5, dated 1/2/2002). Also, though DeKalb's motion has been pending since November 29, 2001, Pioneer did not produce a privilege log regarding these documents until February 19, 2002. Given that history, this court has some doubts as to the validity of Pioneer's privilege claims and orders Pioneer to produce the requested product clearance forms for an in camera inspection.

Agreements with third parties

Pioneer opposes DeKalb's request for documentation of Pioneer's license agreements with third parties on the basis that the information is highly sensitive, confidential business information that it should not be required to produce to a competitor. Further, Pioneer asserts that DeKalb should be required to prove Pioneer has infringed before it can seek discovery on its inducement and contributory infringement claims. This court notes that the parties do have in place a comprehensive protective order to insure that sensitive business information, such as the information at issue, will be protected from use by competing parties. Further, Pioneer's argument that DeKalb must have a finding of infringement prior to being permitted to obtain discovery on its inducement and

3

contributory infringement claim would result in a highly impractical additional phase of discovery. These parties have been before this court for nearly six years on their various suits and claims of infringement regarding their genetically engineered corn products. This court is anxious to have discovery completed in the most efficient manner possible. Therefore, DeKalb's motion as to the requested third party agreements is granted subject to the protective order.

Document redactions

DeKalb seeks unredacted versions of documents produced by Pioneer on 149B1 events, claiming that because Pioneer is advancing the 149B1 events towards commercialization the documents are undeniably relevant. In response, Pioneer asserts that the request is burdensome in that 149B1 is a gene and not an event, and documents regarding 149B1 may not be relevant in that they may refer to genes other than those already agreed upon by the parties. Pioneer has failed to demonstrate that producing unredacted versions of the documents would be unduly burdensome. The documents presumably already exists in bates numbered order in a file that can be accessed and recopied without the redactions. DeKalb's motion as to the 149B1 documents is granted. DeKalb also seeks unredacted copies of e-mails describing the pre-culture of the TC1507 event. This court notes after reviewing the parties' submissions it concludes that Pioneer did not respond with respect to the TC1507 event issues except in the LR 37.2 conference to say its position was the same as with regard to the 149B1 issue. Again, Pioneer has failed to demonstrate that producing unredacted versions of these documents would be unduly burdensome. Therefore, DeKalb's motion as to the TC1507 event e-mails is granted.

**CONCLUSION**

In accordance with the above, DeKalb's renewed motion to compel is granted in part.

Pioneer is to produce the requested discovery by March 20, 2002. Further, Pioneer is to produce the requested product clearance forms and a letter brief describing the documents and the applicability of the claimed privileges to this court for an in camera inspection by March 13, 2002.

**ENTER:**

P. MICHAEL MAHONEY, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT

DATE: 2/27/02

5